UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERTO CONCEPCION,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 25-0133 (SDW)<br><br>OPINION |

**IT APPEARING THAT:**

1. *Pro se* Petitioner Alberto Concepcion filed a "Motion/Affidavit/Brief Challenging the Legalities of the Petitioner's, Supervised Federal Probation/ Fine/ Fabrication of Evidence /Forced Signatures, & the Confiscation of the Petitioner's Money in Points I to V, Including the Request of Quashing the Charges-Indictment," which this Court construes as a motion to correct, vacate, or set aside his federal conviction and sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 1); *see also United States v. Concepcion*, No. 99-cr-0753 (D.N.J. July 7, 2000).  He also filed an affidavit requesting this Court's recusal from considering the matter.  (ECF No. 1-3).

2. Petitioner is subject to a prior Order of this Court entered by the Honorable Garrett E. Brown, Jr. (Chief Judge, U.S.D.C. – retired) on April 1, 2005 which bars Petitioner from "filing further claims in this jurisdiction without leave of the Court" (99-cr-753 ECF No. 117).  Petitioner did not appeal from that order.  *See Concepcion v. Resnik*, 143 F. App'x 422, 426 n.2 (3d Cir. 2005).

3. The determination regarding recusal lies within the sound discretion of the judge managing the matter.  *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985).  The two principal statutes which address judicial recusal are 28 U.S.C. §§ 144 and 455.  "The test for

recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). "An objective inquiry, this test is not concerned with the question whether a judge actually harbors bias against a party." *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Section 144 requires recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party ...." However, a "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." *Frolow v. Wilson Sporting Goods Co.*, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (internal quotation marks omitted); *see also Kilkeary v. United States*, 2015 WL 3798061, at *4 (D.N.J. June 18, 2015).

4.     Petitioner's recusal request is denied. "A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)). "If a party claims that a judge should recuse because of a personal bias, prejudice, or lack of impartiality towards that party, he generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal." *Thompson v. Eva's Vill. & Sheltering Program*, 2005 WL 2474930, at *2 (D.N.J. Oct. 5, 2005) (citing *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment

impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.*

5. Petitioner's bias allegations are rooted in this Court's participation in the underlying criminal proceedings, which concluded over 10 years ago. (ECF No. 1-3 at 3-5); *see also Concepcion v. Warden Fort Dix FCI*, 648 F. App'x 160 (3d Cir. 2016) (summarizing case history). Petitioner points to no extrajudicial conduct that suggests this Court is biased or that prejudice exists. Petitioner's assertion that he intends to call this Court as a "witness" does not require recusal when his affidavit does not otherwise support recusal. *See In re Noble*, 663 F. App'x 188, 191 (3d Cir. 2016) (per curiam); *In re Trader*, 419 F. App'x 170, 170 (3d Cir. 2011) (per curiam) (holding separate lawsuit against judge did not require recusal when "vague and unsupported allegations against the judge do not require the judge's disqualification"). "[R]ecusal motions must not be permitted to be used as 'strategic devices to judge shop.'" *United States v. Wecht*, No. CRIM. 06-0026, 2008 WL 2048350, at *6 (W.D. Pa. May 8, 2008) (quoting *United States v. El–Gabrowny*, 844 F. Supp. 955, 959 (S.D.N.Y. 1994)). A reasonable, outside observer in possession of all the facts would not question this Court's ability to impartially consider and decide the merits.

6. Moreover, this Court does not harbor any biases or prejudices toward Petitioner or the merits of his claims, has not participated in this case other than as a judge, and has no financial interest in this matter. *See* 28 U.S.C. § 455(b). The recusal request is denied.

7. Petitioner's request to file his challenge to his judgment of conviction is also denied as there is no subject matter jurisdiction pursuant to 28 U.S.C. § 2255.[1] Petitioner has already filed one challenge to his conviction under § 2255. *See Concepcion v. United States*, 02-cv-2301

---

[1] Petitioner has been released from BOP custody and is serving his term of supervised release, scheduled to end on May 10, 2025. *See* 99-cr-753 ECF No. 169. This satisfies the "in custody" requirement of § 2255.

3

(D.N.J. dismissed Oct. 22, 2002), *certificate of appealability denied*, No. 02-4127 (3d Cir. June 19, 2003). Therefore, Petitioner must obtain permission from the Third Circuit before he can file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3). Nothing in the filing suggests that the Third Circuit has granted Petitioner permission.

8.     Where a petitioner files an action over which this Court does not have jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

9.     Petitioner asserts that the warrants and complaints against him were faulty and/or fraudulent, the FBI and federal prosecutors falsified evidence and court orders, witnesses perjured themselves during trial, and the government illegally confiscated money from him. (ECF No. 1-2 at 1-13). Petitioner does not rely on any newly discovered evidence that was not available at the time of trial, nor does he cite to intervening Supreme Court cases. Therefore, this Court does not find that it would be in the interests of justice to transfer this matter to the Third Circuit as it does not appear Petitioner can meet the requirements of § 2255(h).

10.    No certificate of appealability shall issue. Reasonable jurists would agree that this Court lacks jurisdiction to consider a second or successive § 2255 motion absent permission from the Third Circuit and that Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

11.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: March 21, 2025